IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT C. BOLUS, SR.,** | : | Civ. No. 3:24-CV-2117 |
| Plaintiff, | : | |
| | : | (Judge Saporito) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **BRIAN BOLUS,** | : | |
| Defendant. | : | |

## REPORT AND REOMMENDATION

### I.   Factual and Procedural Background

This case calls to mind Tolstoy's observation that: "All happy families are alike; each unhappy family is unhappy in its own way."[1] The plaintiff, Robert C. Bolus, Sr., is a prodigious but prodigiously unsuccessful litigant, who has in the past had a number of cases dismissed either voluntarily or by court order for lack of merit or failure to prosecute.[2]

---

[1] Anna Karenina, L. Tolstoy at 1 (1877).

[2] See e.g. Bolus v. D.A. of Lackawanna, et al, 3:01-cv-01990; Bolus Truck Parts and Towing Services, Inc. et al v. Motorists Mutual Insurance Co. et al 3:11-cv-00621; Bolus v. DeNaples, 3:13-cv-01773; Bolus v. Wolf, 3:18-cv-02027; Bolus v. Dillard et al, 3:20-cv-00318; Bolus v. Gaughan et al., 3:21-cv-01315.

In the instant case, Bolus sues his estranged son, Brian Bolus, in an action that seeks to quiet title to some piece of property that now has become an object of strife within this unhappy family. While the nature of these claims remains stubbornly obscure, it appears that the gist of Robert Bolus, Sr.'s case rests on the notion that his son, Brian, falsely claimed to have a one half interest in this property. Therefore, Robert Bolus seeks to have a judicial declaration nullifying his son's claim to a half interest in this property. However, it is undisputed that this issue has been litigated in state court and the state courts concluded that Brian Bolus was, in fact, the owner of a half interest in this property. Therefore, at bottom, Robert C. Bolus, Sr.'s, latest foray into federal court would necessarily invite us to set aside these state court findings and decisions.

This is the second time that Robert Bolus has sought to use the federal courts as a tool in this intra-family property dispute. Indeed, on December 6, 2024, we dismissed a virtually identical lawsuit filed by Bolus against his son and other relatives based upon this real estate dispute within the Bolus family finding that Robert Bolus' federal lawsuit was an improper effort to use the federal courts to reverse prior state rulings. Bolus v. Bolus, No. 3:23-CV-1378, 2024 WL 5008862, at *1 (M.D. Pa. Dec. 6, 2024).

We dismissed Robert Bolus' prior lawsuit on December 6, 2024. It is telling—an extraordinary—that four days later on December 10, 2024, he essentially re-filed

2

the same claim, casting his thoroughly discredited allegations in the garb of a quiet title action.

It is against this backdrop that, on December 24, 2024, the defendant filed a motion to dismiss this case and an accompanying brief. (Docs. 7-8). Robert C. Bolus, Sr. has never responded to this motion despite being directed twice to file a response to the motion to dismiss. (Docs. 10, 11). Those prior court orders also notified Robert Bolus in clear and precise terms that: "that failure to file a brief in opposition may result in Defendant's motion being deemed unopposed, or the dismissal of this case. See Local Rule 7.6; Fed. R. Civ. P. 41." (Id.)

Despite this explicit warning, Robert C. Bolus, Sr., has not responded to this motion to dismiss and the deadline for responding has now passed. Therefore, given the plaintiff's continued inaction, this case will be deemed ripe for resolution.

For the reasons set forth below, the case will be dismissed.

## II.    Discussion

### A. Under The Rules of This Court This Defense Motion Will Be Deemed Unopposed and Granted.

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the

rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). In this case, the plaintiff has not complied with the local rules, or this Court's order, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See*

4

> Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . ..″

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting McCurdy v. American Bd. Of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998)).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this motion to dismiss. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motion to be unopposed.

## B. Dismissal of this Case Is Warranted Under Rule 41.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting

6

Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to respond to the Court's prior order is entirely attributable to the plaintiff, who has failed to abide by court orders or address this outstanding motion to dismiss.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. The defendant suffers particular prejudice here, where he has already been compelled to respond this same meritless claim previously in federal court but is now compelled by his estranged father to relitigate this issue. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve

pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or address the core issues raised by the motion to dismiss, as he was ordered to do. Moreover, this is at least the second time in the past six months that Robert Bolus has flatly ignored his responsibilities as a litigant in federal court. See Bolus v. Bolus, No. 3:23-CV-1378, 2024 WL 5008862, at *1 (M.D. Pa. Dec. 6, 2024). Thus, the plaintiff's conduct plainly displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has, in two separate cases involving the same subject matter, failed to comply with instructions of the Court or respond to defense motions, we are compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores his responsibilities as a litigant. Since lesser

sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

As we consider these Poulis factors, this case presents one other significant exacerbating circumstance. This is not Robert Bolus' first failure to prosecute a case which he has brought in federal court. Quite the contrary, as we have previously noted, Bolus has had other cases dismissed for failure to make service, failure to prosecute, or failure to file briefs. Indeed, incredibly, this is the second time in the past six months that Bolus has advanced this discredited claim asking us to set aside state court judgments in a familial dispute over the ownership of real estate. Bolus v. Bolus, No. 3:23-CV-1378, 2024 WL 5008862, at *1 (M.D. Pa. Dec. 6, 2024). Simply put, given this past history, the plaintiff knows better but still persists in failing to fulfill his responsibilities in this case.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly noncompliant with the Court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,'

11

[and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event, these claims, which Robert Bolus has chosen not to defend, appear to fail on their merits, yet another factor which weighs in favor of dismissal of this case. The lynchpin of the plaintiff's current lawsuit is Robert Bolus' allegation that Brian Bolus falsely claimed a half interest in property the plaintiff was attempting to sell to a third party. However, it is uncontested that this issue has been litigated in state court and the state courts concluded that Brian Bolus was, in fact, the owner of a half interest in this property. Therefore, at bottom, Robert C. Bolus, Sr.'s, latest foray into federal court would necessarily invite us, once again, to set aside these state court findings in order to sustain at least some of his claims.

As we have previously found, this we cannot do. Bolus v. Bolus, No. 3:23-CV-1378, 2024 WL 5008862, at *1 (M.D. Pa. Dec. 6, 2024). Thus, to the extent that the plaintiff asks this Court to overturn a state court judgment finding that Brian Bolus possessed a half interest in some property, the United States Supreme Court has spoken to this issue and has announced a rule, the Rooker-Feldman doctrine,

which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions. As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....". See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir. 2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008). Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP, 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance

13

v. Dennis, 546 U.S. 459, ——, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id.

In this case, Robert C. Bolus, Sr.'s quiet title claims against Brian Bolus rests upon a premise that has been rejected by the state courts; namely, the plaintiff's insistence that Brian Bolus falsely claimed to have an interest in the property the plaintiff was attempting to sell. Pursuit of this claim in federal court would require us to set aside the state court judgment that Brian Bolus owned a half interest in the property the plaintiff attempted to sell. This we cannot do. We cannot provide relief to Robert Bolus, a state-court loser who complains of injuries caused by state-court judgments rendered before these federal proceedings commenced. Therefore, we must decline this invitation to review and reject these state court judgments designating Brian Bolus as the owner of a half interest in this property.

Simply put, all of the <u>Poulis</u> factors now favor dismissal of this case. Accordingly, this complaint will be dismissed. Therefore, this motion to dismiss Robert Bolus' latest feckless fray into federal court should be granted.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss, (Doc. 7), be GRANTED, and this case be DISMISSED with prejudice for failure to prosecute.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of April 2025.

                                            *S/ Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge